IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWINE BLACKMON, | No. C 07-4068 JSW (PR) |
| Plaintiff, | **ORDER OF SERVICE OF DELIBERATE INDIFFERENCE CLAIM** |
| v. | |
| DR. CHARLES LEE; DR. ROBERT BOWMAN; KATHERN WALL, Director of Nursing; DELFS, R.N.; C. KATES, A.G.P.A., | (Docket Nos. 2, 4, 5) |
| Defendants. | |

## INTRODUCTION

Plaintiff, a prisoner of the State of California, currently incarcerated at Salinas Valley State Prison in Soledad, California, has filed this civil rights complaint regarding the conditions of his confinement there. This Court now reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and orders service of the complaint on Defendants. Plaintiff's motions to proceed *in forma pauperis* (docket nos. 2, 4, 5) are GRANTED in a separate order filed simultaneously.

## STATEMENT OF FACTS

In the complaint, Plaintiff alleges that after he suffered a stroke in 2003, Plaintiff sustained lost movement in his left arm and partial paralysis on his left side. After Plaintiff filed a request seeking accommodations under the Disability Placement Program at the prison and that he be issued a cane for walking and be referred for physical

therapy, Dr. Bowman approved his requests. However, Plaintiff alleges that he was never provided these services and that prison officials were deliberately indifferent to his serious medical needs by failing to provide and/or interfering with the provision of this necessary medical care. Plaintiff seeks injunctive and declaratory relief, as well as damages.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**ANALYSIS**

I.  <u>Deliberate Indifference Claim</u>

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en

banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *See id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). As such, Plaintiff has stated a claim for deliberate indifference to his serious medical needs against Defendants Lee, Bowman, Wall, Delfs and Kates.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable claim of deliberate indifference against Defendants Lee, Bowman, Wall, Delfs and Kates of Salinas Valley State Prison. Doe Defendants are DISMISSED from this action, as Plaintiff has not alleged any wrongdoing in the complaint by any Doe Defendants. The Clerk of the Court shall issue summons and the

1  United States Marshal shall serve, without prepayment of fees, a copy of the complaint
2  and all attachments thereto with all attachments thereto, and a copy of this order upon:
3  **Defendants Dr. Charles Lee, Dr. Robert Bowman, K. Wall, Director of Nursing,**
4  **Delfs, Facility C Triage R.N. and C. Kates, A.G.P.A. of Salinas Valley State Prison.**
5  The Clerk shall also serve a copy of this order on Plaintiff.
6      2. In order to expedite the resolution of this case, the Court orders as follows:
7          a. No later than **sixty (60) days** from the date of this order, Defendant
8  shall either file a motion for summary judgment or other dispositive motion, or a notice
9  to the Court that they are of the opinion that this matter cannot be resolved by dispositive
10  motion. The motion shall be supported by adequate factual documentation and shall
11  conform in all respects to Federal Rule of Civil Procedure 56.
12  **<u>Defendant is advised that summary judgment cannot be granted, nor</u>**
13  **<u>qualified immunity found, if material facts are in dispute. If Defendant is of the</u>**
14  **<u>opinion that this case cannot be resolved by summary judgment, they shall so</u>**
15  **<u>inform the Court prior to the date the summary judgment motion is due</u>**.
16      All papers filed with the Court shall be promptly served on the Plaintiff.
17          b. Plaintiff's opposition to the dispositive motion shall be filed with the
18  Court and served on Defendant no later than **thirty (30) days** from the date Defendant's
19  motion is filed. The following notice is for the benefit of all pro se litigants:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead,

4

> you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

  c. Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

  d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

 3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

 4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

 5. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

 6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." Plaintiff must comply with the Court's orders in a timely fashion.

Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: November 27, 2007

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWINE BLACKMON, | Case Number: CV07-04068 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| CHARLES D LEE et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 27, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Antwine T. Blackmon
J63038
S.V.S.P.
P.O. Box 1050
Soledad, CA 93960-1050

Dated: November 27, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk